IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                                                CASE NO.  24-3017-JWL

SEWARD COUNTY JAIL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ") and he has been granted leave to proceed in forma pauperis. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order.

**I. Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

1

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**II. The Complaint**

The complaint names as Defendants the SCJ, Captain Mathew Fenn, Detention Officer J. Hernandez, Detention Officer Kaelan Martinez, Detention Officer C. Martinez, and Detention Officer Corporal (fnu) Hall. (Doc. 1, p. 1-3.) Plaintiff sues each Defendant in his or her individual and official capacity. *Id.* at 3. The factual background for the complaint is broad and includes allegations that Defendant Hernandez has unconstitutionally opened and read Plaintiff's legal mail outside his presence, *id.* at 4-6, 10-12, 15; that other staff are answering grievances addressed to Defendant Fenn, *id.* at 5, 10-11; that Defendant Hernandez has tampered with Plaintiff's legal mail

in retaliation, *id.* at 6-9; that SCJ was aware of Defendant C. Martinez' "incompetent conduct" and "negligent conduct" but failed to correct it, *id.* at 13; that SCJ has failed to properly train and supervise its employees, *id.* at 14; that the kitchen conditions at SCJ are unsanitary and do not comport with Plaintiff's religious needs, in violation of Plaintiff's constitutional right to free exercise of his religion, *id.* at 14-21; that officers spit in Plaintiff's food after he complained about pork being on his food tray because eating pork is against his religious beliefs, *id.* at 18; and that Defendant C. Martinez lied in responses to staff requests, *id.* at 21. The complaint further alleges that Plaintiff overheard Defendant Hall falsely telling other inmates that another Muslim inmate had committed a sex crime and, because Plaintiff called Defendant Hall a derogatory name, Plaintiff was retaliated against by being taken to segregation and being criminally charged based on a false accusation by Defendants Fenn and Martinez that Plaintiff had threatened Defendant Kaelan. *Id.* at 21-32. Plaintiff remained in segregation for 45 days and several Defendants lied under oath in connection to the criminal threat charge. *Id.* at 23-25.

As Count I, Plaintiff asserts that Defendants violated his First Amendment rights by having pork on his food tray, which burdened his free exercise of his religion, and by opening Plaintiff's legal mail outside his presence. *Id.* at 33. As Count II, Plaintiff alleges a violation of his Fourteenth Amendment Due Process rights when Defendant Martinez answered grievances and staff requests that were addressed to Defendant Fenn. *Id.* As Count III, Plaintiff alleges a violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) because he found pork in his food after being put on a special religious diet that does not allow pork. *Id.* at 34.

As Count IV, Plaintiff alleges that he was subjected to unconstitutional retaliation when he was placed in segregation and was falsely charged with criminal threat. *Id.* at 35. As Count V, Plaintiff alleges that the privileges and immunities clause of the Fourteenth Amendment was

violated when Defendant Fenn caused Plaintiff to be charged with criminal threat in retaliation for Plaintiff's grievances. *Id.* As Count VI, Plaintiff alleges that the SCJ has "failed to train and supervise it[]s officers['] sick and gross negligent conduct." *Id.* As relief, Plaintiff seems $5,000,000.00, punitive relief, injunctive relief, expungement of his entire criminal record, and dismissal of all charges against him. *Id.* at 36.

### III. Discussion

After reviewing the complaint, the Court concludes that it does not comply with the rules on joining defendants and claims in a single action. Thus, some or all of the claims in the complaint are subject to dismissal. Federal Rule of Civil Procedure[1] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words,

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

4

under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact. Plaintiff raises claims involving his mail, Defendants' practices related to Plaintiff's grievances, SCJ kitchen conditions, violations of his right to free exercise of his religion by Defendants' failure to comply with Plaintiff's religious dietary needs, retaliation for filing grievances, retaliation for protesting a Defendant spreading dangerous falsehoods about another inmate, baseless criminal charges, and improper confinement in segregation. Varying Defendants are alleged to be involved in different violations. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). Plaintiff is therefore required to file an amended complaint stating (1) only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law. Put another way, Plaintiff should set forth in the amended complaint the occurrence or occurrences he will hereinafter pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in his complaint showing

5

that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Although the lack of compliance with Rules 18 and 20 is independently sufficient to require an amended complaint, the Court will highlight other deficiencies in the complaint so that Plaintiff may be aware of them when drafting his amended complaint. First, Plaintiff's request that his criminal record be expunged is not the sort of injunctive relief available in this § 1983 action. Expungement of Kansas arrest records is governed by K.S.A. 22-2410, which places expungement decisions within the purview of the state district courts. Federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2).

In addition, the dismissal of state criminal charges is not available as relief in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). With respect to the money damages, the Court notes that Plaintiff's complaint asserts claims against all Defendants in their official and individual capacities. But "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011). This is because "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus, if Plaintiff seeks only money damages in this action, he may sue Defendants only in their individual capacities.

Next, Plaintiff should be aware that SCJ is not a proper defendant to a § 1983 action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West*, 487 U.S. at 48. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

With respect to his claims based on free exercise of religion, Plaintiff is advised that to state a claim under the Free Exercise Clause, he must plead facts showing a "substantial burden" on a sincerely held religious belief. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). A "substantial burden" involves something more than an incidental effect or inconvenience on religious exercise. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312-15 (10th Cir. 2010). The threshold consideration with a free exercise claim under the First Amendment is whether the plaintiff's belief is "sincerely held" and "religious in nature." *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004). In addition, a plaintiff "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009).

To the extent that Plaintiff wishes to bring a claim for retaliation, "[m]ere allegations of constitutional retaliation will not suffice; [he] must rather allege specific facts showing retaliation

because of the exercise of [his] constitutional rights.'" *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted). He "'must prove that "but for" the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted). Plaintiff "must allege more than his personal belief that he is the victim of retaliation." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Brown v. Sales*, 134 F.3d 382, 1998 WL 42527, *3 (10th Cir. Feb. 4, 1998) (unpublished) (citing an earlier Fifth Circuit decision holding the same). To state a First Amendment retaliation claim, Plaintiff must show:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant[s'] actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant[s'] adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Hinkle v. Becham County Bd. of County Comm'rs*, 962 F.3d 1204, 1226 (10th Cir. 2020) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

With respect to Count II as it is set out in the complaint, Plaintiff should be aware that the allegation that an official denied or failed to respond to a grievance is not enough to show the personal participation required to state a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Moreover, "prison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." *Murray v. Albany County Bd. of County Comm'rs*, 211 F.3d 1278, 2000 WL 472842, *1 (10th Cir. April 20, 2000) (unpublished order and judgment); *see also Spry v. McKune*, 479 Fed. Appx. 180, 2012 WL 2308711, *1 (10th Cir. June 19, 2012) (unpublished order and judgment) ("Inmates do not have a protected liberty interest in pursuing formal prison grievance procedures.").

8

Count V as it is set out in the complaint alleges generally that the privileges and immunities clause of the Fourteenth Amendment was violated when Defendant Fenn caused Plaintiff to be charged with criminal threat in retaliation for Plaintiff's grievances. This clause of the Fourteenth Amendment states: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S.C.A. Const. Amend. XIV, Sec. 1. Plaintiff's theory on how Defendant Fenn's involvement in Plaintiff's criminal charges implicates the privileges and immunities clause is unclear. *Id.* He has neither identified the "privilege or immunity" that he believes was abridged nor identified the state law that abridged it. *See Sims v. Bd. of Ed. of Independent School Dist. No. 22*, 329 F. Supp. 678, 688 (D. N.M. 1971) (explaining the type of privileges and immunities encompassed by the language in the Fourteenth Amendment). If Plaintiff wishes to pursue this claim in his amended complaint, he should more clearly its factual basis.

### IV. Amended Complaint Required

The complaint now before the Court does not comply with the joinder principles set forth in Federal Rules of Civil Procedure 18 and 20. Thus, Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that does so. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

9

Plaintiff must write the number of this case (24-3017-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff.

As a final note, the complaint reflects Plaintiff's frustration at his inability to contact the clerk's office. (Doc. 1, p. 8-9.) The phone number Plaintiff reports having unsuccessfully used is not the phone number for this Court's clerk's office. If Plaintiff wishes to request forms from this Court or if he has questions about documents available from the Court, he may contact the clerk's office at (785) 338-5400. Plaintiff is advised, however, that the individuals who answer this number will not be able to provide him with legal advice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 11, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 12, 2024, in Kansas City, Kansas.**

                              **S/ John W. Lungstrum**
                              **JOHN W. LUNGSTRUM**
                              **UNITED STATES DISTRICT JUDGE**