IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                                 CASE NO. 24-3017-JWL

SEWARD COUNTY JAIL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Tahchawwickah is in custody at the Seward County Jail in Liberal, Kansas ("SCJ") and he has been granted leave to proceed in forma pauperis in this pro se civil rights action under 42 U.S.C. § 1983. This matter comes now before the Court on Plaintiff's latest submission (Doc. 6), which is deemed filed as of February 12, 2024.[1] The Court liberally construes the pro se document, which is titled "Objection," as a motion for extension of time because it asks this Court "for extra time to pay the remainder fil[i]ng fee." *See id.* at 1.

When the Court granted Plaintiff's motions to proceed in forma pauperis, it assessed an initial partial filing fee of $49.50, due on or before February 16, 2024. (*See* Doc. 4.) The same day the Court received the motion for extension of time, the Court received a check dated February 15, 2024 that satisfied Plaintiff's obligation to pay the initial partial filing fee. Thus, to the extent that the motion (Doc. 6) seeks additional time in which to pay the initial partial filing fee, such request is moot due to the Court now having received the initial partial filing fee.

---

[1] In the document, Plaintiff represents that he gave it to the guard for mailing on the night of February 12, 2024. (Doc. 6, p. 1.) "Because [Plaintiff] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

1

To the extent that the motion could be liberally construed to seek additional time in which to pay the remaining balance of the filing fee, the motion is unnecessary, and therefore must be denied as moot. As set out in the order granting Plaintiff leave to proceed in forma pauperis, "[t]he agency having custody of [P]laintiff shall forward payments from [P]laintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2)." (Doc. 4.) The statute requires that once the initial partial filing fee is paid,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

Thus, there is no set deadline by which Plaintiff must pay the remainder of the filing fee and no set deadline as to which the Court could grant an extension of time. The Court presumes that the agency having custody of Plaintiff will forward additional payments from Plaintiff's account as required by the statute.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for extension of time to pay the filing fee (Doc. 6) is **denied as moot.** The Court has received payment of the initial partial filing fee and the agency having custody of Plaintiff is statutorily required to submit future payments from Plaintiff's account when appropriate. There is no set deadline by which Plaintiff must pay the remainder of the filing fee.

**IT IS SO ORDERED**.

**Dated February 21, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**