## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER TAHCHAWWICKAH,**

      **Plaintiff,**

      v.                          **CASE NO.  24-3017-JWL**

**J. HERNANDEZ,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ") and he has been granted leave to proceed in forma pauperis. Upon receiving the complaint, the Court conducted the statutorily required screening and issued an order giving Plaintiff time to file an amended complaint that cures the deficiencies identified in that order. (Doc. 5.) The matter comes now before the Court on Plaintiff's timely filed amended complaint. (Doc. 8.)

### I.  Screening Standards

As stated in the Court's previous order, the Court is required by statute to screen all prisoner complaints and to dismiss them or any portion of them that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). The Court

1

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## II. The Amended Complaint

The amended complaint names as the sole Defendant Detention Officer J. Hernandez, who works at the SCJ. (Doc. 8, p. 1.) The factual background for the amended complaint alleges that on December 22, 2023, Defendant opened a letter from this Court to Plaintiff outside of Plaintiff's presence and took notes on the contents of the court order enclosed before bringing the mail to Plaintiff. *Id.* at 1-2. Plaintiff also alleges that Defendant has held outgoing legal mail instead of promptly mailing it, resulting in a delay in Petitioner's filings reaching this Court. *Id.* at 2-3.

As the sole count in the amended complaint, Plaintiff alleges that Defendant violated his rights under the First Amendment by opening his legal mail outside of his presence and taking notes on the contents of the legal mail. *Id.* at 9. As relief, Plaintiff seeks "monetary, punitive and injunctive relief." *Id.* at 11. More specifically, Plaintiff seeks $5,000,000.00 in monetary damages to compensate him for stress, emotional distress, pain and suffering, and hindering his efforts to a legal claim. *Id.*

### III. Discussion

As noted above, the sole count in the amended complaint alleges a First Amendment violation occurred when Defendant opened an envelope mailed by this Court to Plaintiff outside his presence and took notes on the court order enclosed therein. "It is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate." *Bledsoe v. Biery*, 814 F. Supp. 58, 59 (D. Kan. Feb. 11, 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)). "The privileged treatment accorded legal mail stems from its importance in protecting inmates' right of access to the courts." *Id.* To assert a plausible claim of unconstitutional interference with the right to access the courts, however, a prisoner must allege sufficient facts to show that the act or acts in question hindered his or her efforts to pursue a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (applying actual injury requirement to claims of an insufficient prison law library, which is also at its base a claim of unconstitutional interference with access to the courts).

The Tenth Circuit also has held[1] that one "isolated incident, without any evidence of improper motive or resulting interference with [a prisoner's] right to counsel or to access the

---

[1] The Court notes that in the amended complaint, Plaintiff cites case law from the United States District Court for the Western District of Kentucky and the United States Court of Appeals for the Seventh Circuit. (Doc. 8, p. 6.) Generally speaking, this Court is bound by precedent from the Tenth Circuit and the United States Supreme Court only. Caselaw from other jurisdictions is considered for its persuasiveness only. "[T]he decisions of one circuit court of appeals are

courts, does not give rise to a constitutional violation." *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *see also Salazar v. Whisker*, 804 Fed. Appx. 1007, 1007 (10th Cir. May 8, 2020) (unpublished order and judgment) ("[A]n isolated incident of opening a prisoner's legal mail outside the prisoner's presence does not violate the Constitution.").

The amended complaint identifies only a single instance when Defendant opened Plaintiff's legal mail outside of his presence and it does not include alleged facts that show Defendant had an improper motive for opening and reading Plaintiff's legal mail outside of his presence. Plaintiff briefly alleges in the amended complaint that Defendant's acts "hinder[ed] his efforts to a legal claim." (Doc. 8, p. 11.) But the amended complaint includes no other facts about the claim that was hindered or how Defendant's acts limited Plaintiff's access to the courts. This type of conclusory statement is insufficient, standing alone, to support a plausible claim for relief. *See Hall*, 935 F.2d ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."). In short, because the amended complaint, even liberally construed, alleges only an isolated incident when Defendant opened Plaintiff's legal mail outside of his presence, it does not state a plausible claim for relief under § 1983.

## IV. Amended Complaint Required

The amended complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983 and thus it is subject to dismissal in its entirety. Plaintiff will be granted the opportunity to file a complete and proper second amended complaint upon court-approved forms that states a plausible claim for relief. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete second amended complaint. *See* Fed. R. Civ. P. 15. The second amended

---

not binding upon another circuit." *Garcia ex rel. Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987).

4

complaint is not simply a supplement to the original or amended complaint; instead it completely replaces both earlier complaints.  Therefore, any claims or allegations not included in the second amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the second amended complaint to an earlier complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original and amended complaints.

Plaintiff must write the number of this case (24-3017-JWL) at the top of the first page of the second amended complaint and must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the second amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages. If Plaintiff does not file within the prescribed time a second amended complaint that cures the deficiencies discussed herein, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 15, 2024,** in which to file a complete and proper second amended complaint that states a plausible claim for relief. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 13, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5