IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                                        CASE NO. 24-3017-JWL

J. HERNANDEZ, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Tahchawwickah brought this pro se civil rights action under 42 U.S.C. § 1983, which was dismissed without prejudice on April 10, 2024. Plaintiff, who is in pretrial custody at the Seward County Jail in Liberal, Kansas ("SCJ") was granted leave to proceed in this matter in forma pauperis (IFP). (Doc. 4.) The Court assessed an initial partial filing fee of $49.50, which was paid on February 20, 2024. The matter comes now before the Court on two letters that Plaintiff has sent to the Court. (Docs. 16 and 17.) Liberally construing the letters, Plaintiff asserts that the SCJ has withdrawn more money from his inmate account than is allowed by 28 U.S.C. § 1915(b)(2). The statute provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

Plaintiff alleges that the SCJ disbursed "50 percent, not 20 percent of the $300.50" still owed in this matter. (Doc. 16, p. 1.) But the "20 percent" referred to in § 1915(b)(2) is not 20 percent of the amount still owed to this Court, it is 20 percent "of the preceding month's income

1

credited to the prisoner's account." *See* 28 U.S.C. § 1915(b)(2). It also appears from Plaintiff's letters that he believes the tribal checks he receives once or twice a year from the Cheyenne and Arapaho Tribes of Oklahoma do not constitute "a 'preceding month's income'" under the statute. (*See* Doc. 17, p. 2.) The phrase "preceding month's income" does not mean only money that is regularly deposited into the account on a monthly basis. It simply means the money that came into the prisoner's account during the month before the payment is made.

Plaintiff has not identified the amount of money deposited into his inmate account in the month before the SCJ made the now-disputed withdrawal. Thus, the Court cannot determine whether the disputed withdrawal exceeded the amount that § 1915(b)(2) and this Court's order required the SCJ to forward as payment. In any event, the agency having custody of Plaintiff is responsible for forwarding payments from Plaintiff's prison account to the clerk of the court. If Plaintiff believes the facility has miscalculated the proper payment amount, his recourse is through the administrative grievance process at the facility.

Finally, the Court does not offer payment plans like Plaintiff requests. Although Plaintiff is correct that there is no static deadline set for full payment of the filing fee, the payments must be made in accordance with § 1915(b)(2). This case will remain closed and no further action will be taken on the letters received on April 24, 2024 from Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter will remain closed and no further action will be taken.

**IT IS SO ORDERED**.

**Dated April 25, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge