IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TAHCHAWWICKAH,

    **Plaintiff,**

    v.                                                                   CASE NO. 24-3017-JWL

SEWARD COUNTY JAIL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Tahchawwickah filed this pro se 42 U.S.C. § 1983 action in February 2024, and he based his claims on events that he alleged occurred while he was confined at the Seward County Jail in Liberal, Kansas. (Doc. 1.) Plaintiff was granted leave to proceed in forma pauperis. (Doc. 4.) The Court conducted the preliminary review of the complaint required by 28 U.S.C. § 1915A(a) and determined that it did not comply with the rules on joining defendants and claims in a single action. (*See* Doc. 5, p. 4.) Thus, on February 12, 2024, the Court issued a memorandum and order (M&O) explaining those rules, identifying additional deficiencies in the complaint, and allowing Plaintiff time in which to file an amended complaint that cured the deficiencies. *Id.* at 4-10.

Plaintiff timely filed an amended complaint (Doc. 8), which the Court reviewed. The amended complaint included only one count and one Defendant, thereby curing the joinder problem, but it failed to state a plausible claim on which relief could be granted. (*See* Doc. 10, p. 3-4.) Thus, on March 13, 2024, the Court issued a second M&O, explaining the deficiencies in the amended complaint and allowing Plaintiff time in which to file a second amended complaint that stated a plausible claim for relief. *Id.* at 5.

Plaintiff timely filed a second amended complaint (Doc. 11), which the Court reviewed. The second amended complaint named multiple Defendants and raised multiple claims based on different events; thus, it—like the initial complaint—did not comply with the federal rules on joining defendants and claims in a single action. (*See* Doc. 12, p. 2-7.) Although misjoinder of parties or claims generally does not result in dismissal of an entire action, each of the five counts alleged in the second amended complaint was also fatally defective for other reasons. *See id.* at 7-14. Moreover, all of the deficiencies were of the type that the Court had already identified for Plaintiff. *See id.* Thus, on April 10, 2024, the Court issued a third M&O, this time declining to allow Plaintiff further opportunities to amend his complaint and instead dismissing this matter without prejudice for failure to state a claim on which relief can be granted. *Id.* at 14-15.

Later on the day that the Court dismissed this case, the Court received in the mail documents from Plaintiff that it liberally construed as a motion to supplement the second amended complaint. (Doc. 14.) The Court carefully reviewed the documents and considered them alongside the second amended complaint, but concluded that the additional information did not alter any of the conclusions set out in the third M&O that dismissed this matter. Accordingly, the Court issued an M&O noting these conclusions, denying the motion to supplement, and ordering that this matter remain closed. (Doc. 15.)

This matter comes now before the Court on Plaintiff's "Motion to Reopen," filed July 2, 2024, and the proposed third amended complaint attached to that motion. (Docs. 20 and 20-1.) Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks and citation omitted).

Plaintiff's motion consists almost entirely of citations to and quotes from various legal authority, without further explanation. Even liberally construing the pro se motion, these legal authorities appear at best to be vaguely related to the merits of the claims Plaintiff has sought to pursue in this federal civil rights action.[1] Some of the legal authorities have no apparent relevance, even when liberally construed.[2] Although the Court liberally construes pro se motions, it will not act as Plaintiff's advocate or construct arguments on his behalf. *See Hooks v. Atoki*, 983 F.3d 1193, 1196 n.1 (10th Cir. 2020) (citing *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)). Plaintiff also reasserts in his motion that he was placed in segregation "in bad faith" and, liberally construed,

---

[1] Plaintiff cites generally to *State v. Shannon*, 258 Kan. 425 (1995); *State v. Gayden*, 259 Kan. 69 (1996); *State v. Collins*, 257 Kan. 408 (1995); and *State v. Bernhardt*, 304 Kan. 460 (2016). (Doc. 20, p. 2-3.) These are opinions issued by the Kansas Supreme Court in direct appeals from Kansas criminal convictions. Similarly, Plaintiff cites *State v. McFarland*, 60 Kan. App. 2d 1 (2021), which is a Kansas Court of Appeals opinion in a direct appeal from a Kansas criminal conviction and is not about reopening a closed federal civil rights action. (Doc. 20, p. 3.) Plaintiff quotes the entirety of 18 U.S.C. § 1621, which is the federal statute that criminalizes perjury; K.S.A. 21-5415(a)(1) and (c)(1), which is the state statute prohibiting criminal threat and aggravated criminal threat; and K.S.A. 2024 Supp. 48-3031, which is the statute in the Kansas Code of Military Justice that prohibits persons subject to that Code from making false official statements. (Doc. 20, p. 2-4.) None of these statutes obviously relate to a motion to reopen a federal civil rights action. Plaintiff also directs the Court to *Darabi v. Henry*, Case No. 3:19-cv-72-DPM (E.D. Ark. April 17, 2019), in which a motion to reopen was filed. (Doc. 20, p. 4.) But he does not explain the relevance of the case or the order entered on April 17, 2019, which directed the plaintiff in that matter to file a motion to reopen. *Id.*

[2] Federal Rule of Bankruptcy Procedure 5010 explains the circumstances under which a bankruptcy case may be reopened. (Doc. 20, p. 1.) This is not a bankruptcy proceeding; that rule is not relevant to reopening this 42 U.S.C. § 1983 action.

3

he repeats his earlier assertions that Defendants in this matter made false statements about him under oath and in their official capacities. (Doc. 20, p. 4.)

This matter is closed and the question now before this Court is not whether Plaintiff has a plausible § 1983 claim. It is whether Plaintiff has shown sufficient reason for the Court to reconsider its dismissal and reopen this case. In other words, in order for the merits of Plaintiff's claims for relief to be considered, Plaintiff must first succeed on his motion to reopen. Plaintiff's motion to reopen does not contain any argument that persuades this Court that the sort of exceptional circumstances exist which justify reopening this matter under Rule 60(b).

Plaintiff's case was dismissed without prejudice to refiling any claims he wishes to pursue. Therefore, he may file a new action based on his claims, so long as he complies with the applicable statute of limitations and other requirements. Any further attempts to file amended complaints in this matter may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to reopen (Doc. 20) is **denied.** The clerk is directed to close this matter.

**IT IS SO ORDERED**.

**Dated July 12, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge